PER CURIAM.
Ann Hodge and her former husband, Luther Hodge, the decedent, entered into a marital settlement agreement requiring Luther Hodge to establish an insurance trust that would provide, in the event of his death, a $1,500 monthly payment to Ann Hodge “until the funds are depleted, until the Wife remarries, or until the Wife dies, whichever occurs first.” The Agreement did not state how much money was to be placed into the insurance trust. Luther Hodge passed away on March 28, 1999, but prior to his death, he placed $10,000 into the insurance trust fund. Consequently, Ann Hodge brought action against Luther Hodge’s estate, claiming that he failed to adequately fund the insurance trust since the $10,000 placed into the trust amounted to only six full monthly payments. The trial judge found that good faith fulfilment of the agreement on the husband’s part required an adequate fund and that the $10,000 that Luther Hodge placed into the trust was not “reasonable.” The trial court concluded that good faith compliance with the agreement would require the husband to fund the trust with an amount sufficient to pay Ann Hodge $1,500 monthly for the duration of her calculated life expectancy, or 16.5 years. Accordingly, the trial court ordered the estate to fund the trust with $168,000, “the present value of the right to receive $1,500 per month for a period of 16.5 years.” We reverse, finding that the trial judge erred in re-writing the parties’ marital settlement agreement.
There was no evidence that Luther Hodge was in breach of the terms of the agreement. Luther Hodge funded the insurance trust with an amount sufficient to comply with the written requirements of the marital settlement agreement. The trial judge essentially re-wrote the terms of the agreement by inserting a specific amount for the insurance trust, thereby making the agreement’s terms more favorable to Ann Hodge. See Petracca v. Petracca, 706 So.2d 904, 910 (Fla. 4th DCA 1998) (reviewing a marriage settlement agreement, the court stated “ ‘[i]f an agreement that is unreasonable is freely entered into, it is enforceable’ ”) (quoting Casto v. Casto, 508 So.2d 380, 334 (Fla.1987)). Therefore, even though Ann Hodge may have entered into a “bad-bargain,” she has no right to any further payments from Luther Hodge’s estate except for any amounts left unpaid from the original $10,000 placed in the fund.
REVERSED.
FARMER, STEVENSON and GROSS, JJ., concur.